[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13780
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 11, 2009
THOMAS K. KAHN
CLERK

_____

D. C. Docket No. 07-00535-CR-T-26MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT LEE PHILLIPS,
a.k.a. Big,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 11, 2009)**

Before CARNES, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Robert Lee Phillips appeals his 188-month sentence imposed for possession with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii).  On appeal, Phillips argues that his sentence is unreasonable because the district court failed to consider the 18 U.S.C. § 3553(a) factors when it imposed a sentence at the low end of the career offender guideline range as determined by U.S.S.G. § 4B1.1.   The record does not support Phillips' contention.

At sentencing, the court noted that it had "read [Phillips's] sentencing memorandum and request for reasonable sentence."  The court also reviewed Phillips's criminal history and stated, "Interesting, he doesn't have anything in the juvenile system, he just starts out at 18 stealing a motor vehicle for which he was not scored because of his age."  (Id. at 8).  The court then listed all the convictions in the PSI that were un-scored and concluded that Phillips was

> appropriately classified as a career offender, in my view, after consulting the statutory factors as well as the advisory guideline range.  The advisory guideline range reasonably fixes the parameters of a reasonable sentence in this case.  So I will give him a guideline sentence, I will, however, sentence him at the low end of the advisory range.

The court sentenced Phillips to 188-months imprisonment and 5 years of supervised release, stating:

> After considering the advisory sentencing guideline recommendations

2

and all the factors identified in Title 18 of the United States Code, Section 3553(a)1 through 7, I will find that the sentence I've imposed complies with the purposes of sentencing set forth in the statute.

The district court did not commit procedural error because it considered the § 3553(a) factors and Phillips's criminal history in its sentencing decision. Additionally, the district court did not abuse its discretion by imposing a sentence at the low end of the career offender guideline range because Phillips's extensive criminal history warranted such a sentence.

**AFFIRMED.**